UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-10025-CIV-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

DELROY ROBINSON,                :

    Plaintiff,              :

v.                              :           REPORT OF
                                        MAGISTRATE JUDGE
                                :
RICHARD CALENDA,
                                :
        Defendant.
_____

The plaintiff Delroy Robinson, a federal prisoner, has filed a complaint seeking the return of $11,200.00 in currency plus interest allegedly seized by United States Customs and Border Protection ("CBP") Agent Richard Calenda upon his arrest in Miami on May 9, 2001. [DE# 1].

Robinson states that he is invoking this Court's jurisdiction under 28 U.S.C. §1331; 28 U.S.C. §1346; and 28 U.S.C. §2680. He alleges specifically that on or about May 9, 2001 Calenda and other agents entered his home without a warrant and seized $11,200.00 in currency from his safe. He states that he was arrested pursuant to an arrest warrant on that date outside of his home. He also states that the currency was not part of the indictment. Robinson filed a motion for the return of his property on September 24, 2008 in his criminal case. See United States v. Robinson, Case No. 01-10008-CR-KING. The Honorable James Lawrence King denied the motion and advised Robinson that the proper course of action to seek the return of private was a separately filed civil action. Robinson had previously filed a Federal Tort Claims Act claim to the CBP which was denied on January 20, 2009. The CBP found that the claim was barred by 28 U.S.C. §2680(c) and was, in any event, untimely.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\*   \*   \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
>\*   \*   \*
>
>(B) the action or appeal -
>
>\*   \*   \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

## 28 U.S.C. §1331 and Bivens

To the extent that the plaintiff relies upon Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) as a basis for this lawsuit[1], the Complaint must be dismissed as untimely.

The statute of limitations applicable to 42 U.S.C. §1983 actions applies to Bivens claims. Kelly v. Serna, 87 F.3d 1235, 1239 (11 Cir. 1996). State law governs the limitations period in §1983 cases, and "§1983 claims are best characterized as personal injury actions." Wilson v. Garcia, 471 U.S. 261, 280 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). Florida law provides multiple statutes of limitations for personal injury actions, and a residual limitations period of four years. Fla. Stat. §95.11(3)(p); Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481-83 (11 Cir. 1988). The method for determining the date when a cause of action accrued for purposes of the statute of limitations in §1983 cases is also used for Bivens claims, and the plaintiff's cause of action accrues when he knows or has reason to know of his injury and who has inflicted it. Kelly, 87 F.3d at 1238-39; Mullinax v. McElhenney, 817 F.2d 711, 716 (11 Cir. 1987).

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such an action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.

The plaintiff's cause of action accrued on May 9, 2001, well over six years before he commenced the present action, and thus he cannot proceed under <u>Bivens</u>.  Even if equitable tolling of the statute of limitation could apply, it is clear that Robinson does not meet its criteria.  Equitable tolling permits a plaintiff to delay filing suit beyond the statute of limitations if despite due diligence on his part he cannot obtain the information he needs in order to determine, in time to sue within the deadline, whether he has a claim on which suit can be founded. Here, Robinson has no excuse for failing to file his civil action seeking a return of property seven years after he was convicted and sentenced.

<u>The Federal Tort Claims Act</u>

Robinson has invoked the Court's jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, <u>et seq.</u>

As amended, the FTCA provides individual federal employees with immunity from personal tort liability.  Whenever, as here, federal employees are alleged to have committed common law torts within the scope of their employment, the remedy under the FTCA is against the United States. <u>See</u> Federal Employee Liability Reform & Tort Compensation Act of 1988, 1988 Amendment to 28 U.S.C. §2679; H.Rep. 100-700, 100th Cong.2d Sess. 2, U.S. Code Cong. & Admin. News 1988, p. 5945; <u>see also</u> <u>Newmand v. Soballe</u>, 871 F.2d 969 (11 Cir. 1989).

In this case, the United States is not named as a defendant. On that basis alone, the FTCA claim is subject to dismissal, for failure to state a claim.

Moreover, pursuant to 28 U.S.C. §2680(c) this Court lacks jurisdiction to review the plaintiff's claim under the FTCA. Section 2680 Title 28 states in pertinent part as follows, verbatim:

> The Provisions of this chapter and section 1346(b) of this title shall not apply to--
>
> \*   \*   \*
>
> Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer.

28 U.S.C. §2680(c).

This action involves claims arising from the alleged detention of property by a U.S. Customs and Protection Officer. Title 28 U.S.C. §2680(c) applies to protect customs officers from liability for the detention of property while acting within their lawful authority. <u>Schlaebitz v. U.S. Dept. of Justice</u>, 924 F.2d 193, 194 (11 Cir. 1991). Accordingly, the claim against the CBP Officer is not cognizable under the FTCA.

Even if Robinson could raise a claim under the FTCA, such a claim would be untimely. The FTCA imposes a two-year statute of limitations within which tort claims against the United States must be "presented in writing to the appropriate Federal agency." 28 U.S.C. §2401(b). A claim under the FTCA accrues when the plaintiff has knowledge of his injury and its cause. <u>United States v. Kubrick</u>, 444 U.S. 111, 123 (1979). As discussed above, the claim arose in 2001 and Robinson did not file his FTCA claim until 2007, rendering it untimely.

## 28 U.S.C. §1346, the Little Tucker Act

Finally, the plaintiff has invoked 28 U.S.C. §1346, the Little Tucker Act, which under appropriate circumstances provides a forum for a judicial damages remedy against the United States.

The plaintiff has not named the United States as a defendant in this lawsuit; however, even if he had done so the Court would nonetheless lack jurisdiction to review his claim, for reasons discussed below.

Section 1346(a) of Title 28 provides that the federal district courts have original jurisdiction, concurrent with the United States Claims Court, of any civil actions or claims against the United States, other than those for recovery of taxes or penalties imposed under internal-revenue laws, if the claims do not exceed $10,000.00.  28 U.S.C. §1346(a)(1),(2).

Section 1346(b)(1) of the Act provides, in pertinent part, that the district courts shall have exclusive jurisdiction of actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for loss of property, caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Here, Robinson has asked for damages in excess of $10,000 and thus may not proceed under the Little Tucker Act. His potential claim may not be litigated in this court because jurisdiction

belongs to the Court of Federal Claims, and because the claim has been filed beyond the applicable statute of limitations.

Based on the foregoing, it is e recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 16th day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Delroy Robinson, Pro Se
     Reg. No. 67312-004
     Federal Correctional Institution
     CI Dalby
     805 North Avenue F
     Post, TX 79356